**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Realty Executives International Services LLC,<br><br>        Plaintiff,<br><br>v.<br><br>Brokers Holdings LLC,<br><br>        Defendant. | No. CV-17-00213-PHX-JJT<br><br>**ORDER** |

At issue is Defendant Brokers Holdings LLC's Motion to Dismiss or Transfer Venue (Doc. 7, Mot.), to which Plaintiff Realty Executives International Services, LLC filed a Response (Doc. 13, Resp.), and in support of which Defendant filed a Reply (Doc. 14, Reply). The Court finds these matters appropriate for decision without oral argument. *See* LRCiv 7.2(f).

**I.     BACKGROUND**

Plaintiff, an Arizona limited liability company with its principal place of business in Arizona, filed its Complaint (Doc. 1, Ex. B) alleging tortious interference with a contract in the Superior Court of the State of Arizona on September 2, 2016. Defendant, a Utah limited liability company with its principal place of business located in Utah, removed to this Court on January 23, 2017. (Doc. 1.) Presently, Plaintiff alleges that Defendant tortiously interfered with a regional developer agreement entered into by Plaintiff and Intermountain Region, LLC, a Nevada limited liability company, by executing a Stock Purchase Agreement governing the sale of stock in FJM Corporation,

which is incorporated under the laws of Nevada. Previously, on June 24, 2016, Plaintiff filed a lawsuit in the District of Nevada against Defendant, and others, alleging several counts, including tortious interference with contract, albeit under a separate but related agreement. *See Realty Executive Intl. Servs., LLC v. FJM Corp., et al.*, Case No. 2:16-cv-01511-RFB-NJK (D. Nev. 2016). In similar fashion, the Nevada action alleges that Defendant interfered with a franchise agreement entered into by Defendant and FJM Corporation when it executed the same Stock Purchase Agreement at issue here. Although explicitly given the opportunity to amend the Nevada action and include the claims brought here (Mot. at 4), Plaintiff chose to bring suit in Arizona. The Court now considers Defendant's Motion to Dismiss for lack of personal jurisdiction and improper venue, or, in the alternative, transfer to the United States District Court for the District of Nevada, where the previously filed action is ongoing.

## II. LEGAL ANALYSIS

Section 1404(a) provides that "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). The purpose of this statute "is to prevent the waste of time, energy and money and to protect litigants, witnesses and the public against unnecessary inconvenience and expense." *Airbus DS Optronics GmbH v. Nivisys LLC*, No. CV-14-02399-PHX-JAT, 2015 WL 3439143, at *2 (D. Ariz. May 28, 2015) (citation and internal quotation marks omitted). It is the defendant's burden to show transfer is warranted and "[t]he defendant must make a strong showing of inconvenience to warrant upsetting the plaintiff's choice of forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir. 1986); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 499 (9th Cir. 2000).

Courts employ a two-step analysis when determining whether a transfer is proper. *Airbus DS Optronics*, 2015 WL 3439143, at *2. First, a court considers whether "the case could have been brought in the forum to which the moving party seeks to transfer the case." *Id*. In order to meet this requirement, the court in the proposed transferee district

"must have subject matter jurisdiction and proper venue, and the defendant must be amenable to service of process issued by that court." *Id*. "Second, a court must consider whether the proposed transferee district is a more suitable choice of venue based upon the convenience of the parties and witnesses and the interests of justice." *Id*. The Ninth Circuit has set forth factors that a court may consider in making this determination:

> (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling non-party witnesses, and (8) the ease of access to sources of proof.

*Jones*, 211 F.3d at 498–99.

## III. ANALYSIS

Because a parallel action with at least partial, if not substantial, overlap was previously filed and remains ongoing, the Court first considers Defendant's Motion to Transfer, which can dispose of the briefed controversies in their entirety. In that Motion, Defendant seeks to transfer this action to the District of Nevada pursuant to 28 U.S.C. § 1404(a). Plaintiff concedes that this action could have been brought in the District of Nevada and does not allege that it is an improper venue, and Defendant does not contest jurisdiction there, as it does here. (Resp. at 7; Mot. at 13-16.) Accordingly, the Court limits its analysis to whether the convenience of the parties and witnesses and interests of justice justify a change of venue.

### A. Location of Agreement Negotiation

Defendant contends that this factor favors transfer because the transaction at issue was negotiated, executed, and largely implemented in Nevada. (Mot. at 13.) The Court agrees. Defendant contends, and Plaintiff does not dispute, that the agreement at issue governed the sale of stock in a Nevada corporation by a Nevada limited liability company, and the members of the LLC are residents of Nevada. (Mot. at 13.) While

Plaintiff notes that, by virtue of its location, the alleged harm caused by such agreements was caused in Arizona, this factor nonetheless weighs heavily in favor of transfer.

### B. State Most Familiar with Governing Law

This case involves whether Defendant's conduct—purchasing a Nevada company—constitutes tortious interference with Plaintiff's contract. Presumably, this should be determined under Nevada law. However, Plaintiff states that its claim is in fact subject to Arizona law, but admits that there are not significant differences between the possible forums. (Resp. at 10.) Thus, the Court finds this factor neutral or slightly favoring transfer.

### C. Plaintiff's Choice of Forum

When a plaintiff brings suit in his or her home forum, plaintiff's choice of forum is generally accorded great weight. *Lou v. Belzberg*, 834 F.2d 730, 739 (9th Cir. 1987). While Plaintiff originally brought this suit against Defendant in Arizona state court, it is uncontroverted that it originally chose Nevada as the appropriate forum for a similar suit against Defendant. While other claims and defendants are present in that action, it nonetheless includes one for tortious interference against Defendant, regarding similar facts, stemming from the same contract, and was filed months previous to the current action. Accordingly, Plaintiff's choice of forum has been both Nevada and Arizona—the former first. This factor militates towards transferring the case.

### D. Respective Parties' Contacts with the Forum

Defendant contends that this factor weighs in favor of transfer because Defendant has no contacts whatsoever with Arizona, while both parties have substantial contacts with Nevada. (Mot. at 15.) Plaintiff responds that while witnesses may be located in Nevada, it is located in Arizona and Defendant in Utah, rendering the factor neutral. (Resp. at 9.) While some dispute exists as to Defendant's subsidiary's contacts with Arizona, as well as the degree to which those can be imputed to Defendant, Plaintiff has yet to allege that any such contacts are germane to this suit. On the other hand, both parties have substantial contacts with Nevada, favoring transfer.

The relative convenience to witnesses is often considered the most important factor in resolving a motion to transfer under § 1404(a). *Airbus DS Optronics*, 2015 WL 3439143, at *4 (internal quotations omitted). In considering whether the convenience of the particular venue to witnesses weighs in favor of transfer, the court must consider the number of witnesses each party has, their location, and the importance of the witnesses. *Leyvas*, 2008 WL 2026276, at *3.

Here, Plaintiff is offensively litigating a separate but related suit in the proposed transferee district which vastly undercuts any convenience argument against transfer. Indeed, any overlapping witnesses—whether they be located in Nevada, Utah, or Arizona—will already be compelled to travel to Nevada to serve as a witness in that action. Thus, regardless of their location, failure to transfer the case will cause the most inconvenience to the parties, causing dual testifying obligations for witnesses in each state. Accordingly, the Court finds that this factor favors transfer.

### E. Contacts Relating to the Plaintiff's Cause of Action in Arizona

Plaintiff argues that its contacts justify its choice of forum, even though Defendant's contacts are minimal. (Resp. at 10.) Defendant argues that even its minimal contacts, which are of its subsidiary, do not support jurisdiction or permitting the case to remain in Arizona. (Mot. at 14-16.) Given the unresolved issues regarding Defendant's contacts, the Court finds this factor neutral.

### F. Differences in the Cost of Litigation in the Two Forums

Defendant contends that the costs of litigation favor transfer as costs associated with the present action will be duplicative and intentionally burdensome. (Mot. at 16.) Plaintiff responds that the burden will be shared by the parties and does not address the relevance of the pending action in Nevada. (Resp. at 10.) Because the parties are already litigating an action in Nevada which has at least some degree of overlap in terms of evidence and witnesses, the Court agrees with Defendant. *See Amazon.com v. Cendant Corp.*, 404 F. Supp. 2d 1256, 1259 (W.D. Wash. 2005) ("The purpose of [28 U.S.C. § 1404(a)] is to prevent the waste of time, energy, and money and to protect litigants,

witnesses and the public against unnecessary inconvenience and expense.") (internal citations omitted). Thus, the Court finds that this factor weighs in favor of transfer.

### G. The Availability of Compulsory Process

Plaintiff does not argue that its witnesses will be unavailable to testify should the case be transferred to Nevada, but Defendant states that Plaintiff will be unable to compel "a single Nevada resident to testify at trial in Arizona regarding any harm to [Plaintiff's] brand occurring as a result" of the alleged tortious interference. (Reply at 11.) Given that at least some witnesses will already be required to testify in the existing Nevada action, this factor weighs slightly in favor of transfer.

### H. Ease of Access to Sources of Proof

Defendant argues that the ease of access to sources of proof favors transfer as most of the parties, as well as their documents, are located in Nevada, significant discovery has been completed in Nevada, and proving harm to Plaintiff's brand in that state will require Nevada sources. (Mot. at 17.) Plaintiff responds that the parties and their documents are located across Arizona, Nevada, and Utah. (Resp. at 9.) Since it appears that the slight majority of documents and parties will be found in Nevada, and that some of the Utah or Arizona-based sources of proof will be relevant to the existing Nevada action, this factor supports transfer.

## III. CONCLUSION

The Court finds that each factor weighs either in favor of transfer or is neutral and will therefore transfer the action. In so deciding, the Court is informed by the Honorable Richard F. Boulware, II's willingness to accept this related matter, as stated on the record. *See Realty Executive Intl. Servs., LLC v. FJM Corp., et al.*, Case No. 2:16-cv-01511-RFB-NJK (D. Nev. 2016) ("this Court would be willing to have [the Arizona action] consolidated here, and I'll just state that on the record so that my colleagues in Arizona are fully aware of my position"). Thus, the District of Nevada, in addition to welcoming this action, is presumably well-versed in the parties and facts underlying the

relevant transactions. Should issues of jurisdiction, duplication, or consolidation require further action, Judge Boulware is best suited to make that determination.

**IT IS THEREFORE ORDERED** granting in part and denying in part Defendant Brokers Holdings LLC's Motion to Dismiss or Transfer Venue (Doc. 7). The Clerk of Court shall take all necessary steps to ensure the prompt transfer of this action to the United States District Court for the District of Nevada.

**IT IS FURTHER ORDERED** that the Clerk of Court shall close this case after ensuring prompt transfer.

Dated this 19th day of April, 2017.

Honorable John J. Tuchi
United States District Judge